Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2196 | **DATE** | 4/25/2000 |
| **CASE TITLE** | NC Illinois Trust Co. vs. SPCSL Corp., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. All ~~five~~ Six existing Answers are to be physically stricken from the court file and returned to counsel. Accordingly defendants are granted leave to file two (rather than six) Amended Answers (one on behalf of five defendants, the other on behalf of three defendants) in this Court's chambers on or before May 3, 2000.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 2 6 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 9 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/25/2000 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | 00 APR 25 PM 2:38 | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NC ILLINOIS TRUST COMPANY, etc., ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | No. 00 C 2196 | |
| ) | | |
| SPCSL CORPORATION, et al., ) | | |
| ) | | |
| Defendants. ) | | |

DOCKETED
APR 26 2000

MEMORANDUM OPINION AND ORDER

This negligence action, stemming from the death of Phillip Sherman ("Sherman") as the result of a truck-train collision, was timely removed from the Circuit Court of Cook County to this District Court by National Railroad Passenger Corporation ("Amtrak"), with federal jurisdiction being predicated on the United States' ownership of more than one-half of Amtrak's capital stock (all of Amtrak's seven codefendants have consented to the removal, thus satisfying the requirement of 28 U.S.C. §1446(a) that all defendants join in any such removal). This sua sponte memorandum opinion and order is triggered by deficiencies in all defendants' ensuing Answers to the Complaint filed by NC Illinois Trust Company as Special Administrator of decedent Sherman's Estate.

Counsel for defendants Union Pacific Corporation, Southern Pacific Rail Corporation and Southern Pacific Railway has

sensibly filed a single Answer on behalf of those three clients (though as explained hereafter, that Answer needs reworking too). By contrast, the lawyer and law firm who represent both Amtrak and all four other defendants--SPCSL Corporation ("SPCSL"), Southern Pacific Transportation Company ("S.P. Transportation"), Union Pacific Railroad Company ("U.P. Rail") and Harry Pryor ("Pryor")--have exhibited a degree of unconcern for the environment by filing five separate Answers, thus contributing to the deforestation of our limited natural resources.

Under ordinary circumstances this Court would leave matters as is (after all, that environmental harm cannot be undone), but because counsel's work must be done over again in any event and because a single combined responsive pleading will not only limit further deforestation but will facilitate the ability of opposing counsel and this Court to work with the pleadings,[1] this Court orders that all five of those existing Answers be physically stricken from the court file and returned to counsel.

---

[1] Even apart from the awkwardness of having to refer to a flock of documents to see (1) which allegations are admitted and are thus not placed into issue, (2) which allegations are denied and (3) which allegations may get the benefit of a deemed denial (a subject discussed next in the text), a reader's ability to see the differences among the defendants' respective positions is of course highly facilitated by requiring them to file a joint pleading.

2

That step is of course taken in anticipation of the filing of a proper Amended Answer within a short time frame. This opinion therefore turns to identifying the flaws in the existing pleadings that call for such a step.

Nothing is more basic to federal pleading than the principle that a responding party that does not challenge the sufficiency of a complaint on some legal basis has only three ways to address that complaint's allegations (or "averments"): either to admit them or to deny them or to follow the express roadmap marked out by the second sentence of Fed. R. Civ. P. ("Rule") 8(b) as the predicate for becoming entitled to a deemed denial. Despite the clarity of Rule 8(b), all five of the present individualized Answers contain a host of paragraphs (SPCSL Answer Count I ¶¶1, 4, 5, 8 and 9 and Count II ¶¶1-4, 7 and 8; those identical paragraphs in S.P. Transportation's Answer; U.P. Rail Answer Count I ¶¶8 and 9, Count II ¶¶7 and 8; those identical paragraphs in Amtrak's Answer; and Pryor Answer Count I ¶¶2, 8 and 9, Count II ¶¶7 and 8) that uniformly take the following form:

> This defendant lacks sufficient information to either admit or deny the allegations contained in paragraph--.

It takes only a moment to see that such locution omits any reference to "belief" even though that is specifically called for

by Rule 8(b), and it takes only another moment's thought to see that a disclaimer of "belief" is a key element in setting a high threshold for the entitlement to a deemed denial.

As if not to be outdone, counsel who filed a single Answer for the remaining three defendants has committed his own (and different) set of pleading errors that also require correction. To begin with, counsel has not complied with this District Court's LR 10 (formerly General Rule 9A):

> Responsive pleadings shall be made in numbered paragraphs each corresponding to and stating a concise summary of the paragraph to which it refers.

As its content makes obvious, that provision is intended to enable to reader to look at a single document rather than flipping back and forth between a complaint and answer to see what matters are and which are not in issue. Under ordinary circumstances this Court would not send counsel back to the drawing board to cure that omission, but because a new pleading must be filed by those defendants in any event, counsel should comply the second time around.

Most significantly, the three-defendant Answer departs from the Rule 8(b) formulation in a different but equally unacceptable way. Answer Count I ¶¶1, 4, 5, 8 and 9 read this way:

Defendants lack sufficient knowledge to form a belief

4

> as to the truth or falsity of the allegations contained
> in Paragraph -- of Count I of plaintiff's complaint and
> so can neither admit nor deny same.

As with the flawed form of the other defendants' effort to obtain a deemed denial, what has just been quoted ignores the obvious problem that a disclaimer of _information_ sufficient to form a belief is a substantially more demanding test than the absence of _knowledge_ sufficient for that purpose. So that Answer too is physically stricken from the court file and returned to counsel, albeit for a different reason.

Accordingly defendants are granted leave to file _two_ (rather than six) Amended Answers (one on behalf of five defendants, the other on behalf of three defendants) in this Court's chambers on or before May 3, 2000. That does not of course impair the ability of any individual defendant to differ from one or more of the codefendants in responding to any of the Complaint's paragraphs.

_/s/ Milton I. Shadur_
Milton I. Shadur
Senior United States District Judge

Date: April 25, 2000

5