# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2196 | **DATE** | 5/2/2000 |
| **CASE TITLE** | NC Illinois Trust Co. vs. SPSCL Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Any or al defendants is or are granted leave to file in this Court's chambers on or before May 8, 2000 a submission or submissions in that respect. All parties should be advised that absent some persuasive basis for denying the Remand Motion that may be advanced in the submissions authorized earlier in this opinion, this Court would contemplate granting that motion forthwith.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 04 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 15 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/2/2000 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NC ILLINOIS TRUST COMPANY, etc., )
)
Plaintiff, )
)
v. ) No. 00 C 2196
)
SPCSL CORPORATION, et al., )
)
Defendants. )

DOCKETED
MAY 0 4 2000

MEMORANDUM OPINION AND ORDER

On April 11, 2000 this action was timely removed from the Circuit Court of Cook County to this District Court, with the sole predicate for federal jurisdiction being identified as the United States' ownership of more than one-half of the capital stock of codefendant National Railroad Passenger Corporation ("Amtrak")--see 28 U.S.C. §1349.[1] Then on April 27 three filings by plaintiff NC Illinois Trust Company as Special Administrator of the Estate of Decedent Phillip Sherman ("NC Illinois") were delivered to this Court's chambers:

    1. Notice of Dismissal Without Prejudice ("Notice");

    2. Plaintiff's Motion for Voluntary Dismissal ("Dismissal Motion"); and

    3. Plaintiff's Motion To Remand ("Remand Motion").

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

/5

This memorandum opinion and order addresses the issues raised by those filings.

To begin with, the Notice is not effective by its own terms under Fed. R. Civ. P. ("Rule") 41(a)(1), as it purports to be. Voluntary dismissals without order of court under the auspices of that provision are limited to such notices filed "at any time before service by the adverse party of an answer," and in this instance Amtrak had indeed filed an Answer on April 18.[2]

But as to the Dismissal Motion, advanced under the auspices of Rule 41(a)(2) and therefore committed to the judgment of this Court, this Court perceives no obvious reason why NC Illinois should be unable to lower its sights by targeting seven rather than eight defendants, dropping Amtrak as a defendant. Lest some good cause exist to prevent that voluntary choice on NC Illinois' part that has not occurred to this Court, any or all defendants is or are granted leave to file in this Court's chambers on or before May 8, 2000 a submission or submissions in that respect. This Court will then deal with the issue promptly.

Finally, as to the Remand Motion, if Amtrak is in fact

---

[2] Even though this Court has struck that Answer for other reasons, coupled with the granting of a right to replead, Rule 41(a)(1) still does not apply by its terms.

2

dismissed as a defendant the sole federal-question foundation supporting removal will have been eliminated, causing the metaphorical removal structure to collapse into the equally metaphorical pit of a lack of federal jurisdiction. <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343 (1988) has confirmed the existence of a district court's power to remand a case to its state court place of origin in that circumstance (an exception to the general proposition that post-removal events may not occasion such a remand). All parties should be advised that absent some persuasive basis for denying the Remand Motion that may be advanced in the submissions authorized earlier in this opinion, this Court would contemplate granting that motion forthwith.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 1, 2000